Filed 6/24/26  P. v. Corona CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ESTEVAN FABIAN CORONA,<br><br>    Defendant and Appellant. | D086302<br><br><br>(Super. Ct. No. SCS321722) |

APPEAL from a judgment of the Superior Court of San Diego County, Garry Haehnle, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2024, a jury convicted Esteban Fabian Corona of vehicular manslaughter (Pen. Code, § 192, subd. (c)(1)) and fleeing the scene of an accident (Veh. Code, § 20001, subd. (c)).  Corona was sentenced to prison.

The trial court reserved jurisdiction to conduct a restitution hearing.

Corona appealed his conviction, and this court affirmed the convictions but remanded the case to the trial court for resentencing.  (*People v. Corona* (Dec. 2, 2025, D084413) [nonpub. opn.].)

The court calendared a restitution hearing to determine whether to order restitution for the victim's mother.  The court held a hearing on May 30, 2025.  The court ordered restitution in the amount of $10,783.76.

Corona filed a timely notice of appeal from the restitution judgment.

Appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende*.  We offered Corona the opportunity to file his own brief on appeal, but he has not responded.

Counsel has provided a summary of the evidence produced at the restitution hearing.  We will incorporate the summary in this opinion for background information.

In March 2020, Corona fled the scene of a collision after striking and killing a 21-year-old female pedestrian.  The decedent's mother submitted documentary evidence detailing her economic loss and testified that, due to her grief and anger following her daughter's death, she had been unable to work as a driver for Amazon for two months.  She also missed five days of work while attending Corona's trial.  She requested lost wages in the amount of $5,984, calculated based on her hourly wage at the time and the actual days she had been without income.  She also testified that she had engaged in 84 therapy sessions, specifically to deal with her grief and anger resulting from the death of her daughter, and had paid the therapist a total of $4,799.76.

2

DISCUSSION

As we have noted, counsel has filed a *Wende* brief and asks the court to independently review the record for error as required by *Wende.* To assist the court, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court abused its discretion in ordering restitution for losses incurred as a result of the death of her adult daughter.

We have independently reviewed the record for error as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Corona in this appeal.

DISPOSITION

The judgment of restitution is affirmed.

HUFFMAN, J.[*]

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

---

[*]     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.